**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4275**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AKIL MATTHEW MCADEN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:19-cr-00530-CCE-1)

Submitted:  December 22, 2020                    Decided:  December 29, 2020

Before NIEMEYER, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Tanner Lawrence Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Akil Matthew McAden appeals his 108-month sentence imposed following his guilty plea to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. Counsel for McAden has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of McAden's sentence. McAden has filed a pro se supplemental brief challenging the drug quantity attributed to him at sentencing. For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

McAden questions the propriety of the district court's drug weight finding, which we review for clear error. *See United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013). Under this standard, we will not reverse unless we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). When imposing sentence, a district court may "consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia

2

of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted). We have reviewed the record and the evidence upon which the probation office calculated the drug quantity attributable to McAden, and find no clear error. We further find that the district court properly calculated McAden's advisory Guidelines range, afforded the parties an opportunity to argue for an appropriate sentence, and considered the relevant § 3553(a) factors in arriving at a within-Guidelines sentence. Finally, nothing in the record rebuts the presumption of substantive reasonableness accorded McAden's within-Guidelines sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In accordance with *Anders,* we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm McAden's criminal judgment. This court requires that counsel inform McAden, in writing, of the right to petition the Supreme Court of the United States for further review. If McAden requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McAden.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3